Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

# UNITED STATES DISTRICT COURT
for the
District of Colorado
_____ Division

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO
2020 SEP 16 PM 2:06
JEFFREY P. COLWELL
CLERK
BY_____DEP. CLK

Dodge Dustin Meadows,
PRO SE

*Plaintiff(s)*
(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

City & County of Denver,
Bradley Whitfield,
Tina Axelrad and Reid Matsuda

*Defendant(s)*
(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)

Case No. _____
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☑ Yes ☐ No

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Dodge Dustin Meadows |
| Address | 2828 Zuni Street, #217 |
| | Denver, CO 80211 |
| | *City / State / Zip Code* |
| County | Untited States |
| Telephone Number | 719-221-2110 |
| E-Mail Address | dodgemeadows@mac.com |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

**Defendant No. 1**

| | |
|---|---|
| Name | City & County of Denver |
| Job or Title *(if known)* | |
| Address | 201 W. Colfax Ave., Dept. 1207 |
| | Denver, CO 80202 |
| | *City / State / Zip Code* |
| County | Denver |
| Telephone Number | 720-913-3299 |
| E-Mail Address *(if known)* | |

☐ Individual capacity  ☑ Official capacity

**Defendant No. 2**

| | |
|---|---|
| Name | Bradley Whitfield |
| Job or Title *(if known)* | Assistant City Attorney - Senior - Code Enforcement |
| Address | 201 W. Colfax Ave., Dept. 1207 |
| | Denver, CO 80202 |
| | *City / State / Zip Code* |
| County | Denver |
| Telephone Number | 720-865-2967 |
| E-Mail Address *(if known)* | Bradley.Whitfield@denvergov.org |

☐ Individual capacity  ☑ Official capacity

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

Defendant No. 3
Name: Tina Axelrad
Job or Title *(if known)*: Zoning Adminstrator
Address: 201 W. Colfax Ave., Dept. 205
Denver, CO 80202
City / State / Zip Code
County: Denver
Telephone Number: 720-865-2937
E-Mail Address *(if known)*: tina.axelrad@denvergov.org

[ ] Individual capacity  [✔] Official capacity

Defendant No. 4
Name: Reid Matsuda
Job or Title *(if known)*: Public Health Investigator II
Address: 101 W. Colfax Ave., #800
Denver, CO 80202
City / State / Zip Code
County:
Telephone Number: 720-865-2967
E-Mail Address *(if known)*: Reid.Matsuda@denvergov.org

[ ] Individual capacity  [✔] Official capacity

II. **Basis for Jurisdiction**

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

[ ] Federal officials (a *Bivens* claim)

[✔] State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?
**Amendment 14 and the Americans With Disabilities Act**

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

**See attached Page 7**

### III. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?
**2732 W 38th Avenue**
**Denver, CO 80211**

B. What date and approximate time did the events giving rise to your claim(s) occur?
**6/29/2016 to present.**

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*
**See attached Page 8**

## IV.  Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

## V.  Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

1. Injuctive Relief:
   A. Prohibit the City and County of Denver from selling the Plaintiffs Property.
   B. Invalidate the liens placed against the property as they are double jepordy in regards to the Plaintiff has sever over 100 days in jail and vacate and dismiss any and all cases and associated "Area Restriction Orders" pertaining to 2732 W. 38th Avenue which were contived by Bradley Whitfield, Assistant City Attorney - Senior - Code Enforcement; and violate the Plaintiffs Fourteenth Amendment Rights.

2. The Defendants actions have damaged the Plaintiff in the following ways: loss of liberty, loss of wages, pain and suffering, emotional distress, and damage to reputation. The Plaintiff therefore prays the Court award the Plaintiff $1,750,000 as compensation for the Defendants actions.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 8/15/2020

Signature of Plaintiff
Printed Name of Plaintiff: Dodge Dustin Meadows

### B. For Attorneys

Date of signing: _____

Signature of Attorney _____
Printed Name of Attorney _____
Bar Number _____
Name of Law Firm _____
Address _____
_____
_____ _____ _____
City    State    Zip Code
Telephone Number _____
E-mail Address _____

**D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.**

The Plaintiff, Dodge Meadows is bi-polar and during a Manic Episode it was determined on 6/29/2016 by Melanie Rylander, M.D., Attending Psychiatrist, in a letter to:

The Honorable Judge Leith, Denver Probate Court, (Mental Health) wrote: "In our professional opinion, Dodge Dustin Meadows suffers from a mental illness that has caused him to be gravely disabled. We have therefore, initiated a notice of short-term certification."

The City Attorney was copied the letter.

Even though the City was notified that Meadows being gravely disabled which caused him to be homeless the City employees have have not provide the accommodations as required by the Americans With Disabilities Act.

In Fact, City employees: Bradley Whitfield, City Attorney, Reid Matsuda, Public Health Inspector and Tina Axelrad, Zoning Administrator, restricted Meadows from using his property located at 2732 W 38th Avenue at all, causing him the the choice of sleeping with the other homeless or in the cold or to use his property as protected by:

A. Protected Property Interest
The Fourteenth Amendment mandates that a state may not deprive any person of life, liberty, or property without due process of law. The definition of the type of property that is safeguarded by the Fourteenth Amendment has evolved to encompass not only tangible physical property, but also a legitimate claim of entitlement to certain circumscribed benefits.

- **What are the facts underlying your claim(s)?** *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

The Plaintiff, Dodge Meadows is bi-polar and during a Manic Episode it was determined on 6/29/2016 by Melanie Rylander, M.D., Attending Psychiatrist, in a letter to:

The Honorable Judge Leith, Denver Probate Court, (Mental Health) wrote: "In our professional opinion, Dodge Dustin Meadows suffers from a mental illness that has caused him to be gravely disabled. We have therefore, initiated a notice of short-term certification."

The City Attorney was copied the letter.

Even though the City was notified that Meadows being gravely disabled which caused him to be homeless the City employees have have not provide the accommodations as required by the Americans With Disabilities Act.

In Fact, City employees: Bradley Whitfield, City Attorney, Reid Matsuda, Public Health Inspector and Tina Axelrad, Zoning Administrator, restricted Meadows from using his property located at 2732 W 38th Avenue at all, causing him the the choice of sleeping with the other homeless or in the cold or to use his property as protected by:

A. Protected Property Interest
The Fourteenth Amendment mandates that a state may not deprive any person of life, liberty, or property without due process of law. The definition of the type of property that is safeguarded by the Fourteenth Amendment has evolved to encompass not only tangible physical property, but also a legitimate claim of entitlement to certain circumscribed benefits.

*Page 8 of 8*

*email*
*6-29-2016*



## DENVER HEALTH
*Level One Care for ALL*

**ADULT INPATIENT UNIT**
**303-602-6916**

June 29, 2016

The Honorable Judge Leith
Denver Probate Court, (Mental Health)
City and County of Denver, Room 230
1437 Bannock Street
Denver, CO 80202-5382

**SHORT-TERM TREATMENT**
**RE:** Dodge Dustin Meadows
**DOB:** 5/28/1969
**MR#:** 3251456

Honorable Judge Leith:

Dodge Dustin Meadows is a 47 y.o.-year-old male currently on the inpatient psychiatric unit at Denver Health Medical Center (DHMC). He was admitted to DHMC on 6/25/2016. A 72-hour Mental Health Hold was initiated at 1835 on 6/26/16 by Kylie House, MD for reasons of imminent danger to self and imminent danger to others.

*Mr. Meadows is a 47 year old male with a history of bipolar I disorder who was initially placed on a mental health hold by police for assaulting two people while manic. Prior to assaulting two people, he was on a family trip to Hawaii where he was noted to be manic, and engaged in risky behaviors including drunk driving and a significant fall resulting in a fractured jaw and fractured fibula. His manic state was documented by emergency room physicians at Wilcox Memorial Hospital in Lihuo, HI. Although patient was initially signed voluntarily, he subsequently displayed rapid speech, distractibility, increased goal directed activity and irritability, in addition to demanding to leave, so a second mental health hold was placed. During hospital stay, he has continued to display poor insight into the nature of his mental illness, as well as irritability, increased goal directed activity, and distractibility. Moreover, his Lithium level is not currently in a therapeutic dosing range.*

In our professional opinion, Dodge Dustin Meadows suffers from a mental illness that has caused him to be gravely disabled. We have therefore initiated a notice for short-term certification.

He has been advised of the availability of, but has not accepted, voluntary treatment.

He has been read his rights and received a copy of them with a copy of this certification. Dodge Dustin Meadows has been notified of his rights to legal counsel, a hearing, and third party notification.

Sincerely,

Melanie Rylander, M.D.
Attending Psychiatrist

Cc:   City Attorney
      Respondent
      Respondent's Chart